

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 28, 1972

Hon. J. C. Dingwall
State Highway Engineer
Texas Highway Department
Austin, Texas 78701

Opinion No. M-1228

Re: Authority of the State
Highway Commission to
proceed with their
building project for
the construction of a
new State Headquarters
Building.

Dear Mr. Dingwall:

Your request for an opinion asks the following question:

"It is requested that your office review
the course of events pertaining to this pro-
posed project as outlined herein and advise
if this Department is legally in a position
to proceed with the construction as proposed
on Block 124 in the City of Austin."

The sequence of events which has transpired is summarized
in your request as follows:

"1. State Highway Commission Minute Order
No. 62807 dated October 1, 1969, authorized and
directed the State Highway Engineer to proceed
with the plans for the construction of a new
building on the site bounded by 10th and 11th
Streets, Congress Avenue, and Colorado Streets,
which is Block 124 in the City of Austin. (See
Exhibit "A")

"2. Highway Commission Munite Order Nos.
62805 and 62806 of October 1, 1969, authorized
the purchase of the south half of Block 124
bounded by 10th and 11th Streets and Congress
Avenue and Colorado Street in the City of
Austin. (See Exhibit "B")

"In negotiating for the acquisition au-
thorized by Commission Minute Order No. 62806,

-6015-

an impasse was reached with the owners of certain parcels of land as to the fair cash market value thereof and damages, if any.  Eminent domain proceedings were then authorized and directed by Commission Minute Order No. 63555 dated May 7, 1970.  (See Exhibit "C")

"An equitable settlement has subsequently been reached with the owner of Parcel 2 shown in Exhibit "C" and a deed record in the name of the State is now on file.

"3.  By letter of October 20, 1969, approval was granted by Governor Smith for the Highway Department to construct a State Highway Department Headquarters Building in excess of 10,000 square feet of floor space in accordance with requirements of the appropriation bill.  (See Exhibit "D")

"4.  The preliminary plans of the proposed building were reviewed and approved by the Building Commission on December 3, 1969.  Approval of the transfer of the north half of Block 124 from the Building Commission to the Highway Department in exchange for the northeast one-quarter of Block 123 (present location) including building and improvements thereon was also confirmed at this meeting.  (See Exhibit "E")

"5.  The final design of the new building was approved and accepted by the Building Commission on December 3, 1970.  (See Exhibit "F")

"6.  H.C.R. 180 of the 62nd Legislature directed the State Highway Department to reevaluate its plans to build on this site.  During this reevaluation the Department was advised by the Antiquities Committee that it would be necessary to perform an archeological investigation.  On November 17, 1971, a public hearing was held as provided by law by the Antiquities Committee for issuance of permit for archeological investigation.  There was no opposition and on November 23, 1971, the permit was granted.  Except for the final report which is presently

in progress, the investigation has been satis-
factorily completed.

"7.   On January 13, 1972, in accordance
with the provisions of Art. 5421q, V.C.S., in-
cluding Proper Notice and Advertising, a public
hearing was held by this Department to receive
the views and comments of all interested agencies,
groups, or individuals regarding the use of this
land.   Several people appeared and spoke for the
proposed project.   No one appeared in opposition.

"Based on the findings of the reevaluation
and restudy, the decision of the Highway Com-
mission was to proceed according to plan.   During
the 3rd Called Session of the 62nd Legislature,
comments on the floor were made which might have
been interpreted as questioning the right of
the Department to construct a Headquarters
Building.

"Senate Bill 1 of the 3rd Called Session
of the 62nd Legislature appropriated $1.5 million
for the Parks and Wildlife Department to purchase
this property for a park.   This item was vetoed
by the Governor.

"Collateral information also included herein
for your use and ready reference in this matter
is an extract of the Minutes of December 16 and
17, 1970, of the Speakers Special Committee on
Historical Preservation.   (See Exhibit "G")"

We must first determine the legal effect of the
Governor's veto on the item of appropriation referred to in
your request.

Senate Bill 1, Acts of the 62nd Legislature, 3rd Called
Session, 1972, by general appropriation act for the fiscal year
beginning September 1, 1972, has made certain appropriations to
the Parks and Wildlife Department in item 21 of the appropriation
to that department.   (p. III-108, 111).

The veto message of the Governor vetoed:

Hon. J. C. Dingwall, page 4     (M-1228)


> "Item 21-- That portion of Item 21 reading:
> '. . . NTE $1,500,000 for acquis-
> ition from the Highway Department
> of land bounded by Congress Avenue,
> Colorado Street, 10th Street and
> 11th Street in the City of Austin,
> Texas, for development of said land
> as a State garden park. . .'  $1,500,000"

The authority of the Governor to veto items of appropria-
tion is set out in Article IV, Section 14 of the Constitution of
Texas.  In exercising that veto power, the Governor is exercising
a legislative and not an executive or judicial function.  He cannot
disapprove of certain portions of a bill which are not items of
appropriation and approve the remainder.  Fulmore v. Lane, 104 Tex.
499, 140 S.W. 405 (1911); Attorney General's Opinion V-1196 (1951).
Therefore if the vetoed language quoted above constitutes an item
of appropriation, the Governor acted within his constitutional veto
power granted in Article IV, Section 14, Texas Constitution.

It is our opinion that the language vetoed is an item
of appropriation subject to the Governor's veto for the reason that
it appropriates in and of itself $1,500,000 to the Parks and Wild-
life Department for the acquisition of certain property for the
development of said land as a "state garden park."  While this
language is contained with other language in Item 21 of the ap-
propriation to the Parks and Wildlife Department, it is our opinion
that such language in and of itself constitutes an item of appropria-
tion and therefore the veto of such item does not affect the remainder
of the appropriation contained in Item 21.

Having concluded that the above quoted item has been
constitutionally vetoed by the Governor, we will now turn to the
question of the authority of the State Highway Commission to pro-
ceed with their building project.

Construction projects for the State are controlled by
the provisions of Article 678f, Vernon's Civil Statutes, the State
Building Construction Administration Act.

The file attached with your request reveals that the pro-
visions of Article 678f are being complied with in connection with
the project under consideration.

Prior to the creation of the Board of Control, a portion of the land in question was in the custody of the Superintendent of Public Buildings and Grounds. As his successor in office the custody of the land has been in the Board of Control until the adoption of Section 51b of Article III, Texas Constitution, creating the State Building Commission. Section 7 of Article 678m, Vernon's Civil Statutes, the enabling act for the provisions of Article III, Section 51b, places control of real property for building sites in the State Building Commission until final construction is completed and the buildings are occupied by the State agencies to be housed therein. Therefore the custody and control of the property in question has been in the State Building Commission since 1955 (with the exception of land purchased by the State Highway Commission--which land is in custody of the State Highway Commission).

Under the provisions of Article 678f, the orderly planning of buildings constructed by the State is placed in the State Building Commission and the State Building Commission is the agency of the State charged with the duty of carrying out State building construction with certain exceptions provided in Section 3. Section 3, subdivision (A) specifically excepts "All projects constructed by and for the Texas Highway Commission."

It is our opinion that it is not the duty of the Building Commission to construct the building in view of the exception contained in Section 3 of Article 678f, Vernon's Civil Statutes. This duty rests with the State Highway Commission.

In Attorney General's Opinion S-105 (1953), it was held:

"Since the time the Highway Department was created, the Commission has interpreted the above legislative acts as giving it the authority to expend millions of dollars in the construction of many buildings throughout the State to office its personnel and to provide storage for its equipment for the furtherance of public road construction and the establishment of a system of State Highways. It was strengthened in such interpretation by an opinion of this office dated August 22, 1928 from H. Grady Chandler, Assistant Attorney General, to Hon. Gibb Gilchrist, State Highway Engineer, where, in response to an opinion request as to whether the State Highway Department could legally expend money

from the Highway Fund for purchase of land for
building sites and storage yards for materials
and equipment to be used in connection with
construction and maintenance of highways, this
office advised that while the Highway Commission
was only given authority to construct and main-
tain highways, yet, we were of the opinion that
the Commission was not restricted to the exercise
of the powers expressly conferred upon it, but it
could exercise such implied powers as are necessary
to carry out the powers expressly granted or such
as are required to accomplish the purposes for
which they were created.

"And the Commission was further sustained in
its interpretation by the fact that the Legislature
could not help but be aware of the huge sums of
money which have been expended for the construction
of buildings in the past and therefore could not
help but be aware of the interpretation placed on
the legislative appropriations made from biennium
to biennium to the State Highway Department Fund,
and yet at each biennium an appropriation was made
by the Legislature in which they continued to use
substantially the same wording."

This holding was reiterated in Attorney General's Opinions
WW-237 (1957) and WW-250 (1957).

The Legislature has not changed this interpretation.  On
the contrary it recognizes this interpretation by the exception
contained in Section 3 of Article 678f.  It also recognized the
interpretation by the appropriation language contained in the item
of appropriation involved here which was vetoed by the Governor
for the reason that it used the phrase "for acquisition from the
Highway Department of land bounded by Congress Avenue.  . . ."

Since the term "project" includes construction of any
building, Article 678f recognizes the authority for the Texas
Highway Commission to construct buildings necessary in the carrying
out of State Highway Commission's duty to maintain a system of
State highways, which of course includes necessary office buildings.
Normally, office buildings are constructed by the State Buidling
Commission under the pre-existing laws of Article 678m and Article
678f.  In the instant case, as above noted, construction of office
buildings for the State Highway Commission are to be built by the

State Highway Commission rather than the State Building Commission. See Attorney General's Opinion M-721 (1970).

You are advised that upon fulfillment of the terms of a permit issued by the Texas Antiquities Committee as provided in Article 6145-9, Section 6, Vernon's Civil Statutes, the Highway Commission may proceed with construction of its building project for the construction of a new State Headquarters Building.

### S U M M A R Y

The State Highway Commission has the legal authority to proceed with its building project for the construction of a new State Headquarters Building on the site bounded by 10th and 11th Streets, Congress Avenue, and Colorado Street, which is Block 124 in the City of Austin subject to the fulfillment of the terms of a permit issued by the Texas Antiquities Committee pursuant to Article 6145-9, Section 6, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Goodman
John Banks
Malcolm Quick
Harold Kennedy

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant